CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
OCT 31 2007
JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| MICHAEL W. SHRADER, | ) |
| Plaintiff, | ) Civil Action No. 5:07CV00005 |
| v. | ) **MEMORANDUM OPINION** |
| MICHAEL J. ASTRUE, Commissioner of Social Security | ) By: Hon. Glen E. Conrad<br>) United States District Judge |
| Defendant. | ) |

The plaintiff filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") denying the plaintiff's claim for disability insurance benefits and supplemental security income ("SSI") benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1383 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). This plaintiff is again before the court after his case was previously remanded to the Commissioner pursuant to this court's opinion and order dated January 10, 2005. See Memorandum Opinion, January 10, 2005, Case No. 5:04CV00034.

The court's review is limited to determining whether there is substantial evidence to support the Commissioner's conclusion that the plaintiff failed to meet the conditions for entitlement established by and pursuant to the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Michael W. Shrader, was born on January 11, 1964. Mr. Shrader was graduated from high school. He has been employed as a janitor, dishwasher, parcel pick-up clerk, and store clerk. Mr. Shrader filed applications for disability insurance benefits and SSI benefits on April 26, 2002. He alleged that he became disabled for all forms of substantial gainful employment on June 29, 2001, due to a closed head injury resulting in cerebral hematoma and lacerated brain stem injury; poor coordination in the left leg; shaky right arm; limited social interaction skills; impaired fine motor skills; and slowness of thought. Mr. Shrader maintains that he has remained disabled to the present time. As for his claim for disability insurance benefits, the record reflects that Mr. Shrader met the insured status requirements of the Act through the date of the Commissioner's decision. See generally, 42 U.S.C. § 423.[1]

Mr. Shrader's initial claim was denied upon consideration and reconsideration. After an Administrative Law Judge, in an opinion dated December 22, 2003, also determined that Mr. Shrader is not disabled, the plaintiff filed a request for review with the Social Security Administration's Appeals Council. In connection with that appeal, Mr. Shrader submitted new medical evidence to the Appeals Council. Nevertheless, the Appeals Council adopted the Law Judge's opinion as the final decision of the Commissioner by letter dated March 12, 2004. Having exhausted all of his administrative remedies, Mr. Shrader appealed the decision to this court. In a memorandum opinion dated January 10, 2005, the court found that the Appeals Council, in providing its reasons for discounting the new medical evidence submitted by the

---

[1] In its earlier opinion, the court noted that Mr. Shrader was insured only through December 31, 2002. (TR 361). Based upon Mr. Shrader's earnings record and the opinion of the new Administrative Law Judge assigned to his case, however, it appears that Mr. Shrader maintained insured status through at least the first quarter of 2007. (TR 347, 384).

2

plaintiff, had improperly characterized that evidence. The court remanded the case to the Commissioner for further consideration.

After remand, Mr. Shrader's claim was again denied upon initial consideration and reconsideration. He then requested and received a second de novo hearing and review before a different Administrative Law Judge. In an opinion dated November 30, 2005, the Law Judge also determined that Mr. Shrader is not disabled. The Law Judge found that Mr. Shrader suffers from residuals of a traumatic brain injury which occurred in 1980, a cognitive disorder, and residuals from an arthroscopic partial lateral menisectomy. The Law Judge then determined that, while Mr. Shrader's impairments are severe within the meaning of the regulations, none of them, considered singly or in combination, meets or medically equals one of the listed impairments in Appendix 1, Subpart P, Regulations No. 4. See 20 C.F.R. §§ 404.1520(c)-(d) and 416.920(c)-(d). Based on Mr. Shrader's impairments, the Law Judge determined that the plaintiff retains the residual functional capacity to perform a limited range of light work activity. Specifically, the Law Judge found that Mr. Shrader:

> retains the following residual functional capacity: less than the full range of light work, in which he may lift only 10 pounds frequently and 20 pounds occasionally, with only occasional pushing and pulling with the upper and lower extremities. He may only occasionally climb stairs and ramps, and never climb ladders, ropes, and scaffolds. He may occasionally bend, stoop, crouch, and squat, and never crawl, kneel, and balance. He should avoid environmental hazards such as dangerous machinery, and cannot drive - due to having no license.

(TR 354). Furthermore, in order to accommodate Mr. Shrader's mental impairment, the Law Judge added that he:

> has a moderate limitation in the ability to understand, remember, and carry out detailed instructions, and in the ability to maintain concentration, and attention for extended periods. The claimant has moderate limitations in the ability to respond appropriately to

> changes in the work setting, and in setting realistic goals or making plans independent of others. Therefore, he should engage in no more than simple, 1 to 2 step tasks in a low-stress work environment.

(TR 354).

Given Mr. Shrader's residual functional capacity, and after consideration of plaintiff's age, education, and past work experience, as well as the testimony of a vocational expert, the Law Judge determined that Mr. Shrader is capable of working as a bagger for a dry cleaning business, a pre-assembler, an addresser, or a taper for PC boards. (TR 357). Therefore, the Law Judge ultimately concluded that Mr. Shrader is not disabled, and that he is not entitled to benefits under either program. See 20 C.F.R. § 404.1520(g) and 416.920(g). Mr. Shrader again filed a request for review with the Social Security Administration's Appeals Council. On December 13, 2006, the Appeals Council denied Mr. Shrader's request for review and adopted the Law Judge's opinion as the final decision of the Commissioner. Having exhausted all available administrative remedies, Mr. Shrader now appeals once again to this court.

While the plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether the plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2) and § 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. The Law Judge sufficiently considered the plaintiff's alleged symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. Therefore, there is substantial evidence to support the Commissioner's finding that the plaintiff is not disabled.

The record contains substantial evidence to support the Law Judge's determination of the plaintiff's residual functional capacity. Mr. Shrader was involved in a serious car accident in February of 1980 at the age of 17. (TR 74). Mr. Shrader suffered a closed head injury in the accident and was in a coma for approximately six months thereafter. (TR 111). After he was transferred to a rehabilitation facility, Mr. Shrader received physical and occupational therapy as well as educational services for over a year and was able to return to high school, from which he graduated in 1982. (TR 111). Following this accident, Mr. Shrader suffered from memory and balance problems. (TR 111). Nevertheless, Mr. Shrader obtained employment as a service clerk with Giant Foods, where he worked for approximately 19 years. (TR 289).

On April 4, 2001, Mr. Shrader injured his left knee at work when he hit it against a metal shopping cart. (TR 158). Mr. Shrader visited his regular physician, Dr. Michael Lerner, for subsequent pain and tenderness. (TR 210). Dr. Lerner noted that Mr. Shrader had difficulty remembering instructions due to the lingering effects of the closed head injury. (TR 210). Dr. Lerner also recommended that Mr. Shrader obtain an MRI of his left knee. (TR 210).

Mr. Shrader was referred to Dr. Andrew J. Abramowitz, an orthopedist, who noted that Mr. Shrader complained of pain and intermittent swelling as well as difficulties with the knee

5

giving way and locking up. (TR 158). Dr. Abramowitz also noted that Mr. Shrader experienced some residual memory problems and difficulty with word finding as a result of his brain injury. (TR 158). In his progress note dated July 2, 2001, Dr. Abramowitz stated that Mr. Shrader should not return to work until he returned with the results of an MRI. (TR 158). In reviewing the MRI performed on July 2, 2001, the examiner noted the presence of a tear involving portions of the lateral meniscus in Mr. Shrader's left knee with an associated cyst. (TR 213). On July 27, 2001, Mr. Shrader underwent an arthroscopic partial lateral menisectomy to repair the damage to his left knee. (TR 151). Following this operation, however, Mr. Shrader continued to complain of pain in his knee. (TR 147-49). A second MRI indicated the presence of a bucket handle of meniscus on the lateral side of Mr. Shrader's knee. (TR 146). A diagnostic arthroscopy of the left knee was performed on December 3, 2001. (TR 152).

Following Mr. Shrader's recovery from his second knee surgery, he returned to work at Giant on March 23, 2002. (TR 71). On March 30, 2002, however, Mr. Shrader was let go from his employment following an incident in which a shopping cart he was pushing struck a vehicle in the parking lot. (TR 394-95). Mr. Shrader has not worked since that date. On October 29, 2002, Dr. Robert Macht examined Mr. Shrader and noted that the plaintiff continued to complain of severe pain in his left knee associated with locking, cracking and popping. (TR 218). Dr. Macht then found that Mr. Shrader has a 45% permanent partial impairment of his left leg. (TR 219).

On February 11, 2003, a medical consultant completed a Physical Residual Functional Capacity Assessment with regard to Mr. Shrader's reported knee impairment. (TR 239-46). The consultant noted that Mr. Shrader's complaints of severe pain did not appear credible given his

reported activities of walking to church, performing light household chores, shopping, visiting with friends, and tending to his personal care. (TR 241).

With regard to the plaintiff's mental impairments, Mr. Shrader visited his regular physician, Dr. Michael Lerner, on April 22, 2002 for follow-up of his closed head injury. Dr. Lerner noted that Mr. Shrader suffers from attention deficit disorder resulting in inappropriate social behavior and difficulty with impulse control as well as lapses in memory. (TR 193). Dr. Lerner also stated that Mr. Shrader is not able to work because he is unable to drive or behave appropriately at work. (TR 193). Dr. Lerner submitted a report to Maryland Disability Determination Services dated June 25, 2002 in which he stated that Mr. Shrader's head injuries are permanent and severe and result in impairments of his concentration, memory, judgment and emotion. (TR 169).

On June 7, 2002, Mr. Shrader was evaluated by Miguel Rodriguez, Ph.D., a clinical neuropsychologist, in order to assess his neurocognitive functioning for purposes of vocational planning. (TR 159-68). Dr. Rodriguez administered approximately 13 different tests to assess Mr. Shrader. (TR 160-61). As a result of the tests performed and his clinical interview of the plaintiff, Dr. Rodriguez concluded that:

> Mr. Shrader demonstrates residual neurocognitive, neurobehavioral impairment from his traumatic brain injury sustained many years ago. His ability to maintain gainful employment has been adversely effected by his mildly reduced executive dysfunction including difficulty with inhibiting inappropriate behavior which manifests through impulsiveness, saying and doing socially inappropriate things, and difficulty with planning and organization of complex information. I suspect that in most situations Mr. Shrader will have no problems as he genuinely desires to get along with other people. However, his ability to inhibit and make sound decisions is likely to be adversely affected when he is under stress, fatigued, frustrated, rushed, and/or confronted/provoked by others. On a positive note, he does exhibit adequate cognitive/intellectual skills that should allow him to work competitively at least in relatively simple, repetitive jobs.

7

(TR 167-68). He also evaluated Mr. Shrader at 65 on the Global Assessment of Functioning Scale.[2] (TR 166). Dr. Rodriguez did note that Mr. Shrader had reported symptoms of depression but characterized his condition as a mild depression "not severe enough to be considered a major depressive disorder." (TR 166).

In the Psychiatric Review Technique prepared on August 19, 2002, the examiner likewise noted that Mr. Shrader had a decreased ability to inhibit his behavior and to make sound decisions under stress, but noted no symptoms of depressive syndrome. (173, 175). The examiner found that Mr. Shrader was mildly limited with regard to the activities of daily living and moderately limited with regard to maintaining social functioning and maintaining concentration, persistence, or pace. (TR 182).

A Mental Residual Functional Capacity Assessment was also performed on August 19, 2002. (TR 187-90). In that evaluation, the consultant noted moderate limitations in the ability to understand and remember detailed instructions; the ability to carry out detailed instructions; the ability to complete a normal workweek and workday without unreasonable rest periods; the ability to accept instructions and respond appropriately to criticism from supervisors; the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes; and the ability to travel in unfamiliar places or use public transportation. (TR 187-88). Based upon these limitations, the medical consultant stated that Mr. Shrader could perform only routine,

---

[2] The global assessment of functioning is used to report the clinician's judgment of the subject's overall level of functioning. A score of between 41 and 50 is indicative of serious symptoms or any serious impairment in social, occupational or school functioning. A score of between 51 and 60 is indicative of moderate symptoms or moderate difficulty in social, occupational, or school functioning. American Psychiatric Association: *Diagnostic and Statistical Manual of Mental Disorders*, Fourth Edition. Washington, DC, American Psychiatric Association, 1994. P. 44-47.

8

unskilled work in a non-public setting. (TR 189).

A second Mental Residual Functional Capacity Assessment was performed on December 10, 2002. (TR 235-38). This consultant similarly found that Mr. Shrader was moderately limited in his ability to understand and remember detailed instructions; to carry out detailed instructions; to maintain attention and concentration for extended periods; and to sustain an ordinary routine without special supervision. (TR 235). The medical consultant also concluded that Mr. Shrader's allegations were partially credible in that he might have some difficulty performing complex tasks, but that he would be able to perform simple tasks. (TR 237).

Mr. Shrader had several therapy sessions with Ruby Marsteller, a licensed clinical social worker with an advanced degree in theology, who prepared a statement on his behalf dated July 31, 2003. (TR 247-50). Ms. Marsteller noted that the residual effects from Mr. Shrader's knee injury and two subsequent surgeries have affected his balance and cause him to have an erratic gait. (TR 247). Ms. Marsteller also reported that Mr. Shrader is depressed, has low average to borderline intelligence, has impaired memory, and exhibits disinhibition and inappropriate behavior. (TR 248-49). Ms. Marsteller concluded that Mr. Shrader is unemployable due to his permanent, profound injuries and mental impairment, with depression comprising 50% of his disability. (TR 250).

Counsel for Mr. Shrader then arranged for Dr. Patrick Sheehan, a board certified psychiatrist, to perform a review of all the medical records and an independent psychiatric evaluation, which was completed on September 14, 2003. (TR 272-83). Dr. Sheehan diagnosed Mr. Shrader with a chronic, major depressive disorder that has compounded the pre-existing problems related to his earlier closed head injury to the point that he is non-functional. (TR 282).

9

Dr. Sheehan evaluated Mr. Shrader at 50 on the Global Assessment of Functioning Scale.[3] (TR 274). Dr. Sheehan also stated that Mr. Shrader's permanent partial impairment due to the prior accident is 35%, and the permanent partial impairment due to his depression is 32%. (TR 283).

At the hearing before the Law Judge on August 6, 2003, Mr. Shrader testified that he is able to help with the dishes, vacuum, do some laundry, and do some cleaning around the house. (TR 295). Mr. Shrader admitted that he exhibited some socially inappropriate behavior at his previous place of employment. (TR 297). Mr. Shrader's wife testified that her husband easily loses focus on tasks if he is distracted and is easily overwhelmed by multi-step tasks (TR 322), but that he was not on any psychotropic or other medications (TR322). At the second hearing on September 28, 2005, Mr. Shrader testified that he can walk at a brisk pace for about a mile, go shopping with his wife, help with the dishes and the laundry, do some household cleaning, assist with the home schooling of his children, watch television and read. (TR 401-402, 406-407). Mr. Shrader also testified that he has been receiving treatment through Valley Behavioral approximately once every three months and that he is currently taking Zoloft. (TR 399).[4]

The Law Judge found that Mr. Shrader's allegations regarding his limitations and his total inability to work were less than credible because Mr. Shrader was able to sustain substantial gainful employment at Giant for almost 20 years following his brain injury. (TR 350). The Law Judge noted that Mr. Shrader was ultimately terminated for reasons not entirely related to his allegedly severe impairments. (TR 350). The Law Judge also gave controlling weight to the

---

[3] As previously noted, a score of between 41 and 50 is indicative of serious symptoms or any serious impairment in social, occupational or school functioning.

[4] Although counsel for Mr. Shrader stated at the hearing on this matter that she had submitted records related to these visits to the Appeals Council, those records had apparently not been received. See TR 336.

10

opinion of Dr. Rodriguez that Mr. Shrader suffers from only mild depression along with the lingering effects of his brain and knee injuries and has a global assessment of functioning (GAF) of 65. (TR 351). The Law Judge noted that Dr. Rodriguez's evaluation is consistent with Mr. Shrader's testimony regarding his own activities and with the opinions of the consultants who performed the Mental Residual Functional Capacity Assessments.

The Law Judge determined that the opinion of Ruby Martsteller was not entitled to any significant weight because she is not an acceptable medical source and her opinion is inconsistent with that of Dr. Rodriguez and Mr. Shrader's own reported activities. See 20 C.F.R. §§ 404.1527 and 416.927. (TR 351-52). The Law Judge acknowledged that the opinion of Dr. Rodriguez is inconsistent with that of Dr. Sheehan. (TR 352). The Law Judge determined that Dr. Rodriguez's report was entitled to controlling weight, however, because his opinion was based on extensive testing in the areas of language, academic achievement, attention, concentration, processing speed, sensory perception, sensory motor functioning, intelligence, memory, auditory learning, memory retention, and emotional status. (TR 352-53). By contrast, Dr. Sheehan's opinion appeared to be based primarily upon subjective interviews with Mr. Shrader as well as the plaintiff's wife and his mother, rather than upon the results of objective testing. (TR 353). The Law Judge did note, however, that he had attempted to incorporate Dr. Sheehan's findings into Mr. Shrader's residual functional capacity. (TR 353-54). Contrary to the plaintiff's assertion, there is no evidence in the record that the Law Judge declined to give proper consideration to Dr. Sheehan's report because it was prepared after the date on which the Commissioner believed that Mr. Shrader's insured status had expired. The Law Judge made no such statement and, in fact, noted that Mr. Shrader was insured through the date of his decision.

(TR 347).

In short, the record establishes that the plaintiff retains the residual functional capacity to perform a significant number of jobs in the national economy. Mr. Shrader clearly suffers from the lingering effects of his serious head injury suffered as a teenager. Nevertheless, the moderate limitations identified by Dr. Rodriguez and in several mental residual functional capacity assessments performed by medical consultants with regard to different areas, such as social functioning and maintaining concentration, persistence, and pace, have been properly incorporated into the Law Judge's finding as to residual functional capacity. The Law Judge found that the plaintiff could perform only simple, 1 or 2 step tasks in a low stress work environment, and Mr. Shrader did testify that he has the ability to engage in some simple tasks within the home. Although Mr. Shrader reports that he is now receiving ongoing mental health treatment, those records were not submitted to the Appeals Council and are not part of the record before the Commissioner or the court. The court must conclude that there is substantial evidence in support of the Law Judge's finding of residual functional capacity to perform a significant number of jobs in the national economy, including bagger for a dry cleaning business, pre-assembler, addresser, or taper for PC boards.

Although the plaintiff claims that the Commissioner failed to consider the fact that the number of suitable jobs in his geographic location in Page County, Virginia may be lower than the national average, such an inquiry is neither necessary nor appropriate. In determining the number of jobs available in the national economy, as required by statute, the Commissioner may consider the plaintiff's region or several regions. 42 U.S.C. § 423(d)(2)(A). Furthermore, the proper focus concerns the number of jobs in the national economy "regardless of whether such

12

Case 5:07-cv-00005-GEC   Document 16   Filed 10/31/07   Page 12 of 14   Pageid#: 65

(TR 347).

In short, the record establishes that the plaintiff retains the residual functional capacity to perform a significant number of jobs in the national economy. Mr. Shrader clearly suffers from the lingering effects of his serious head injury suffered as a teenager. Nevertheless, the moderate limitations identified by Dr. Rodriguez and in several mental residual functional capacity assessments performed by medical consultants with regard to different areas, such as social functioning and maintaining concentration, persistence, and pace, have been properly incorporated into the Law Judge's finding as to residual functional capacity. The Law Judge found that the plaintiff could perform only simple, 1 or 2 step tasks in a low stress work environment, and Mr. Shrader did testify that he has the ability to engage in some simple tasks within the home. Although Mr. Shrader reports that he is now receiving ongoing mental health treatment, those records were not submitted to the Appeals Council and are not part of the record before the Commissioner or the court. The court must conclude that there is substantial evidence in support of the Law Judge's finding of residual functional capacity to perform a significant number of jobs in the national economy, including bagger for a dry cleaning business, pre-assembler, addresser, or taper for PC boards.

Although the plaintiff claims that the Commissioner failed to consider the fact that the number of suitable jobs in his geographic location in Page County, Virginia may be lower than the national average, such an inquiry is neither necessary nor appropriate. In determining the number of jobs available in the national economy, as required by statute, the Commissioner may consider the plaintiff's region or several regions. 42 U.S.C. § 423(d)(2)(A). Furthermore, the proper focus concerns the number of jobs in the national economy "regardless of whether such

work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." Id. See also, 20 C.F.R. §§ 404.1566(a) and 416.966(a).

Having found substantial evidence to support the Commissioner's determination that the plaintiff is not disabled, the court concludes that the Commissioner's final decision must be affirmed. In affirming the Commissioner's decision, the court does not suggest that the plaintiff is totally free of symptoms related to the lingering effects of his closed head injury resulting in cerebral hematoma and lacerated brain stem injury, poor coordination in the left leg, shaky right arm, limited social interaction skills, impaired fine motor skills, and slowness of thought. However, there is substantial evidence to support the Law Judge's opinion that Mr. Shrader can work as a bagger for a dry cleaning business, pre-assembler, addresser, or taper for PC boards. It must be recognized that the inability to work without any subjective complaints does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585 (4th Cir. 1996). It appears to the court that the Administrative Law Judge gave full consideration to all the subjective factors in adjudicating Mr. Shrader's claims for benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner, even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra.

13

While the court has concluded that the record in this case supports the decision of the Commissioner that the plaintiff was not disabled on or before the date of the Law Judge's decision, the court also notes that the plaintiff's testimony and medical records appear to demonstrate a progressively worsening combination of physical and mental impairments. Indeed, based on reports compiled since the final decision of the Commissioner, it appears to the court that the plaintiff's combination of impairments may now have reached a disabling level of severity. Accordingly, inasmuch as the plaintiff continued to enjoy insured status through the first quarter of 2007, he may wish to consider filing a new application, if he has not already done so, alleging disability onset as of the date immediately following the date of the decision of the administrative law judge in this case.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

ENTER: This 30th day of October, 2007.

*/s/ Glen Conrad*
United States District Judge